UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:22-cv-02960-SB-AFM | Date: | June 29, 2022 |
|---|---|---|---|

| Title: | *Jeanine Rogers v. Trek Bicycle Corporation et al.* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Jennifer Graciano | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 14]**

Plaintiff Jeanine Rogers moves to remand this case, arguing that Defendant Trek Bicycle Corporation's removal on May 3, 2022 was untimely because Plaintiff had emailed a copy of the summons and complaint to defense counsel on March 29. Dkt. No. 14.[1] In opposition, Defendant correctly argues that the motion should be denied because (1) Plaintiff failed to comply with the Court's meet and confer requirements and (2) removal was timely. Dkt. No. 20. The Court finds this matter suitable for decision without oral argument and vacates the July 1, 2022 motion hearing. Fed. R. Civ. P. 78; L.R. 7-15.

Under Local Rule 7-3, Plaintiff was required to contact opposing counsel to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution" at least seven days before filing her remand motion. This Court's standing order further requires that "[p]arties must meet and confer either

---

[1] It is undisputed that the Court has diversity jurisdiction if the removal was timely.

by videoconference, or in person. *Email correspondence is insufficient; and motions not supported by a statement that counsel met by videoconference, or in person will be summarily denied*." Dkt. No. 11 at 8 (emphasis added). Plaintiff evidently made no attempt to comply with either the local rules or the standing order. Instead, her counsel waited until June 1 to email defense counsel about the motion and then filed the remand motion a few hours later, along with a declaration stating that defense counsel "did not respond and we were unable to resolve our differences." Dkt. No. 14-1 at 2. Plaintiff's counsel also declares without explanation that he "was unable to meet and confer with [defense counsel] seven days prior to the filing of this motion or at an earlier date." *Id.* Plaintiff's complete failure to comply with both Local Rule 7-3 and the Court's standing order warrants summary denial of her motion. ***Plaintiff is cautioned that further violations of the Court's rules may result in the imposition of sanctions***.

The motion also fails on the merits. Plaintiff relies solely on the text of 28 U.S.C. § 1446(b), which requires a notice of removal to be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (unless the complaint is not required to be served on the defendant). Plaintiff contends that the language "through service or otherwise" means that Defendant's 30-day clock for removal began when Plaintiff emailed a copy of the complaint to defense counsel on March 29. But the Supreme Court has squarely rejected this reading, holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999). Plaintiff does not suggest that Defendant was formally served at any time before April 18, 2022, when Defendant acknowledged receipt of the summons and complaint. See *Harper v. Little Caesar Enters., Inc.*, No. SA-CV 18-01564-JLS-JDE, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) (denying motion to remand and explaining that defendant was not formally served until it executed the acknowledgement of receipt). Accordingly, Plaintiff has not shown that Defendant's removal on May 3—fewer than 30 days after formal service—was untimely. Plaintiff's motion to remand is therefore **DENIED**.